# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1813
Lower Tribunal No. 2020-CA-000647

_____

FLORIDA INSURANCE GUARANTY ASSOCIATION,

Appellant,

v.

ALBERT BROOME and DEBORAH BROOME,

Appellees.

_____

Appeal from the Circuit Court for Polk County.
Reinaldo Ojeda, Judge.

July 10, 2026

PRATT, J.

After Appellees' former insurer became insolvent, Appellees filed an amended complaint by leave of court substituting Florida Insurance Guaranty Association ("FIGA") in the place of Appellees' former insurer as defendant in the underlying litigation. Among other things, Appellees' amended complaint sought attorney's fees from FIGA pursuant to section 627.428, Florida Statutes. Below, the trial court summarily granted Appellees' motion to enforce a pre-insolvency

settlement agreement between Appellees and their former insurer against FIGA.[1]

FIGA sought rehearing, which the trial court denied. FIGA now appeals from the trial court's order enforcing settlement.

Having reviewed the parties' arguments and the record on appeal, we reverse and remand with instructions that the trial court enter an amended order enforcing settlement that solely requires FIGA to pay the $9,386.69 allocated by the settlement agreement for payment of the covered claims. The $35,613.31 allocated by the settlement agreement for payment of Appellees' pre-insolvency attorney's fees must be excluded because pre-insolvency attorney's fees—which necessarily accrue before FIGA is ever substituted in a case as a post-insolvency insurer—do not result from FIGA denying a covered claim within the meaning of sections 627.428 and 631.70, Florida Statutes (2022). *See Dr. Gary Boraks, LLC v. Fla. Ins. Guar. Ass'n*, 431 So. 3d 1146 (Fla. 6th DCA Apr. 17, 2026) (collecting statutes and cases,

---

[1] *Gibson v. Daniels*, No. 6D2025-0752, 2026 WL 1700661, at *1 (Fla. 6th DCA June 12, 2026) ("In deciding a motion to enforce a settlement agreement (as with a motion for summary judgment) a court may consider the documents, affidavits, depositions and other evidence in the record to determine whether a genuine issue of material fact exists." (citation omitted)).

including *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435 (Fla. 2005)).[2,3] On this record, "the only legal basis for [FIGA] owing Appellees attorneys' fees was section 627.428." *Fla. Ins. Guar. Ass'n v. Ramos*, 427 So. 3d 187, 190 (Fla. 3d DCA 2026). But even assuming that sections 627.428 and 631.70 are not implicated here, the same $35,613.31 allocated by the settlement agreement for payment of Appellees' pre-insolvency attorney's fees must still be excluded because the attorney's fees in this case—which arise from a post-loss settlement agreement between Appellees and their former insurer as opposed to coverage within the subject insurance policy—do not fall within the meaning of a covered claim under section 631.54(4), Florida Statutes (2022). *See Barba v. Fla. Ins. Guar. Ass'n*, 426 So. 3d 680 (Fla. 6th DCA

---

[2] *See Jones*, 908 So. 2d at 438, 453 ("With regard to permissible damages in a duty to defend action, we hold that FIGA's liability shall not exceed the policy limits of the insolvent insurer (up to the statutory maximum), plus interest from the date of judgment against the insured (if the payment of such interest is provided for under the policy's supplementary payment provision), as well as statutory interest from the date of judgment against FIGA and any attorneys' fees *resulting from FIGA's* denial of coverage. . . . Attorney's fees may . . . be awarded pursuant to section 631.70 of the Florida Statutes *when FIGA* denies a covered claim by affirmative action other than delay. . . . [T]he proper award of damages in the instant matter could have only been a base award of [the policy limit of the insolvent insurer (up to the statutory maximum)], commensurate with [the insolvent insurer's] limit of liability in the underlying policy, plus interest on that amount as provided under the policy's supplementary payment provision, and statutory interest from the date of the judgment against FIGA until payment along with attorney fees *due to FIGA's* denial of coverage." (citations omitted) (emphasis added)).

[3] Sections 627.428 and 631.70, Florida Statutes, were repealed effective March 24, 2023. *See* ch. 2023-15, §§ 11, 24, 31, Laws of Fla.

2026) (collecting statutes and cases, including *Fla. Ins. Guar. Ass'n, Inc. v. Waterfire Restoration, LLC*, 427 So. 3d 996 (Fla. 4th DCA 2025)); *see also Fla. Ins. Guar. Ass'n v. Hintz*, No. 4D2025-0204, 2026 WL 1742205 (Fla. 4th DCA June 17, 2026); *Fla. Ins. Guar. Ass'n v. Cadet*, 431 So. 3d 276 (Fla. 4th DCA 2026); *Ramos*, 427 So. 3d 187.[4] Although "[t]he subject insurance policy is not included in the record," Appellees "do[] not contend that the attorney's fees and costs included in the settlement agreement are within the policy's coverage." *Waterfire*, 427 So. 3d at 999. Finally, the unspecified monies allocated by the trial court's order for payment of pre-judgment interest by FIGA to Appellees must be excluded because FIGA is not liable to pay pre-judgment interest on a covered claim under the plain language of section 631.57(1)(b), Florida Statutes (2022). *See* § 631.57(1)(b), Fla. Stat. ("In no event shall [FIGA] be liable for any . . . interest.").

     REVERSED and REMANDED with instructions.

WOZNIAK and MIZE, JJ., concur.

Megan G. Colter and Dorothy DiFiore, of Quintairos, Prieto, Wood, & Boyer, P.A., Tampa, for Appellant.

Jeffrey Constantinos and Christopher J. Castillo, of Apex Law Firm, Tampa, for Appellees.

---

[4] *See Waterfire*, 427 So. 3d at 999 (holding that the Florida Supreme Court's decision in *Petty v. Florida Insurance Guaranty Association*, 80 So. 3d 313 (Fla. 2012), "makes it clear that covered claims which FIGA pays must come from coverage within the policy, and not merely from a post-loss settlement agreement").

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED